**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



NOTICE TO TRIAL COURT CLERK FOR
SUPPLEMENTAL CLERK'S RECORD ON INDIGENCE

Appellate case name: William Harris v. Anika Bell-Gray

Appellate case number: 01-15-00686-CV

Trial court case number: 15-CV-0165-A

Trial court: 405th District Court of Galveston County

On September 8, 2015, the Clerk of this Court requested the indigent clerk's record from the trial clerk including, among other documents, any contest to the appellant's affidavit of indigence, the notice of hearing on the contest to the affidavit of indigence, and the trial court's signed order ruling on the contest to the affidavit of indigence. On September 21, 2015, although the trial clerk timely filed the indigent clerk's record containing, among other documents, the appellee's timely contest, filed in the trial court on September 17, 2015, there was no trial court's signed order extending the time to conduct a hearing or ruling on the contest. *See* TEX. R. APP. P. 20.1(g)(1), (i).

Accordingly, the trial-court clerk is directed to prepare, certify, and file with this Court a supplemental clerk's record on indigence containing the following documents, if any: the notice of hearing on the affidavit of indigence, the trial court's signed order extending the time to conduct a hearing on the contest or ruling on the contest, final judgment, post-judgment motion, and any other documents directly related to the question of the indigence status of appellant. *See id.* 20.1(i)(4), (j)(3), 34.5(c)(1). If the trial court did not conduct a hearing or sign an order extending the time to conduct the hearing within 10 days after the contest was filed, the trial clerk should promptly notify the Clerk of this Court. *See id.* 20.1(i)(2)(A), (i)(4).

The supplemental clerk's record on indigence is due to be filed with the Clerk for the First Court of Appeals no later than **December 4, 2015**.

Clerk's signature: _____

Date: November 24, 2015